DANIEL WEBB LUDWICK V. THE STATE.

No. 24008. Delivered April 21, 1948.

*Mark E. Kramer* and *Robert C. Benavides,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for aggravated assault, with punishment assessed at a fine of $500.00 and confinement in jail for ninety days.

The injured party, Parrish, and appellant lived in the same block on the same side of the street.

According to the State's testimony, Parrish and his friend, Cavender, about ten o'clock at night, were engaged in straightening a fender on an automobile in Parrish's back yard. There was some noise occasioned by beating on the fender with a hammer. Appellant appeared, clad in pajamas, complaining of the noise and cursing, saying that it was "driving him crazy." Parrish told him, "I will quit, and that is all I know to tell you." At that time the parties were advancing toward each other. According to Parrish's testimony, appellant, without justification or excuse, shot him in the stomach with a pistol.

According to appellant's version of the matter, he went to Parrish for the purpose of getting him to stop the noise which was so intense as to prevent him from sleeping. This made Parrish angry and then Parrish advanced upon him and, although told to stop, continued to advance upon him. When he reached his hand toward his hip appellant fired in self-defense, believing his life was in danger.

Clearly, self-defense against a deadly attack—that is, one producing a reasonable expectation or fear of death or serious bodily injury, was raised by the testimony of the appellant. He was entitled to have that defense affirmatively submitted to the jury.

In submitting that defensive issue to the jury, the trial court coupled together self-defense against a deadly attack and an attack less than deadly and, in doing so, made appellant's right of self-defense to depend upon the use by him of "no more force than was necessary, as it reasonably appeared to him" at the time. In other words, according to the charge, appellant's right to defend against the deadly attack was made to depend upon and limited to the use by him of no more force than was reasonably necessary.

This is not the law. The use of no more force than necessary does not apply to the right to defend against a deadly attack. Mayhew v. State, 65 Tex. Cr. R. 290, 144 S. W. 229; Branch's P. C. Sec. 1920; Blacklock v. State, 196 S. W. 822, 81 Tex. Cr. R. 511; 22 Tex. Jur. p. 431, Sec. 35. In defending against a deadly attack, one is authorized to use all force reasonably necessary, as it appears to him and as viewed from his standpoint at the time.

Appellant excepted to the charge for the error mentioned and presented a special requested charge extending to him the unqualified right to defend against the claimed deadly attack of the injured party. The special charge was refused. It should have been given.

The question as to the sufficiency of the order transferring the indictment from the district court, being correctable by a proper transfer, need not be here determined.

For the error in the charge, the judgment is reversed and the cause remanded.

Opinion approved by the Court.